ESPERANZA CRUZ-VÉLEZ ET AL., Appellants, *v.* REGISTRAR OF SAN GERMÁN, Respondent.

No. 709. Submitted March 1, 1928.—Decided March 21, 1928.

*Nazario & García Méndez* for the appellants. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On December 28, 1927, Esperanza Cruz and her husband Salomón Costa, of the first part, and Alfredo Ramírez, Luis A. Fajardo, Juan Angel Tió and Miguel A. García, of the second part, appeared before a notary public and executed a deed by which the parties of the first part leased to the parties of the second part several rural properties for eight thousand dollars annually. The duration of the lease was specified in the deed as follows:

"The term of the lease shall be FIVE years to be counted from this date, it being expressly agreed that the lessee shall have the option to extend the time thus stipulated for FIVE years more after the expiration of the first five years, and it is agreed that said right of extension forms a part of the price or consideration of this contract."

On the 18th of last January attorney Leo Irizarry wrote to the Registrar of Property of San Germán in representation of both of the contracting parties and requested him to record the document, setting forth also the distribution of the rent among the different leased properties.

On the 20th of the same month of last January the registrar refused to record the contract—

"because it is observed that the duration of the lease is only five years and the parties have not consented expressly to its record in the registry, wherefore it does not contain the necessary requisites for being recordable as provided in paragraph 5 of article 2 of the Mortgage Law. . ."

The registrar also pointed out in his decision the existence of some curable defects.

The interested parties took the present administrative appeal, limiting their objection to the refusal. They disregard the curable defects assigned.

After a careful consideration of the case the court is unanimous that the decision appealed from should be re-

versed for the reason that although it was not expressly stipulated in the deed that the lease contract should be recorded in the registry, the requirements of the law were met when later both parties to the contract made a joint request to that effect through their attorney.

Mr. Justice Hutchison and the writer think moreover that the decision should be reversed because although the term of the lease was fixed at five years, the option to extend it for another five years is so interwoven with the original agreement that it may well be considered as a lease for ten years instead of for five.

Therefore, on the first ground, that is, that both parties jointly requested the record, the decision appealed from must be reversed and the record ordered.